**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| JOSHUA LAMAR HELTON, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:26-cv-11-MTT-AGH |
| Warden MARK AGBAOSI, *et al*. | : | |
| Defendant. | : | |

**ORDER**

On January 7, 2026, Plaintiff filed his *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). The Court found that his deliberate indifference claim against Defendant Lambert, among others, could proceed for factual development and ordered that Defendant Lambert be served (ECF No. 9). As Plaintiff is proceeding *in forma pauperis*, the officers of the Court must "issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). On July 17, 2026, a process receipt and return was mailed to Dooly State Prison (DSP) for Defendant Lambert (ECF No. 10). The process receipt and return was returned unexecuted with a notation explaining that Defendant Lambert does not work at DSP, nor did he ever work there (ECF No. 13).

As the Court must serve all process in this action, Plaintiff is **DIRECTED** to provide the Court with any additional information he may have regarding the identity of Defendant Lambert. Such information regarding Defendant may include, but is not limited to, Defendant's sex, alias and/or nickname, race, and physical

description. Plaintiff should also provide any other information he may have that would aid the Court in identifying and serving Defendant.

Plaintiff shall respond to this Court Order within TWENTY-ONE (21) DAYS of the date of this Order. If Plaintiff fails to respond timely or is unable to sufficiently identify Defendant such that the Court can effect personal service on Defendant Lambert, the Court may issue a recommendation of dismissal for the failure to serve Defendant in accordance with Federal Rule of Civil Procedure 4(m).

SO ORDERED, this 27th day of August, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE