**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| JOSHUA LAMAR HELTON, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:26-cv-00011-MTT-AGH |
| Warden MARK AGBAOSI, *et al.*, | : | |
| Defendants. | : | |

## ORDER

On October 5, 2026, Defendants Ray and Spradley filed a motion to set aside default (ECF No. 25). As explained below, Defendants' motion is granted.

## DISCUSSION

On July 17, 2026, the Court ordered that service be made on all defendants. Order 14, ECF No. 9. The United States Marshal Service personally served Defendant Ray on August 18, 2026, and Defendant Spradley on August 25, 2026. USM285 Process Receipt and Return, ECF Nos. 12-2, 14. However, Defendants Ray and Spradley failed to file an answer or other dispositive motion within twenty-one days after being served with the summons and complaint, as required under Federal Rule of Civil Procedure 12(a)(1)(A)(i). Therefore, the Court ordered the clerk to enter default. Order, Sept. 16, 2025, ECF No. 21. The clerk entered default the same day.

Defendants, through counsel, moved to set aside default on October 5, 2026 (ECF No. 25). According to Defendants' counsel, "[t]he failure to respond . . . resulted from an administrative oversight that prevented assignment of counsel." Def.'s Mot.

Set Aside Default 5, ECF No. 25. Counsel explains that "once the administrative oversight was discovered, immediate steps were taken to secure counsel." *Id.* at 6. Thus, counsel argues that their "[p]rompt corrective action strongly favors setting aside the Clerk's entry of default." *Id.* The Court agrees.

"'The Court may set aside an entry of default for good cause,' and the Court may also deny a motion for default judgment and grant a request to file an untimely answer for good cause." *Cooper v. Lane*, No. 5:19-cv-273-MTT, 2019 WL 5309116, at *1 (M.D. Ga. Oct. 21, 2019) (quoting Fed. R. Civ. P. 55(c) and *citing Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1338 (11th Cir. 2014)). "Good cause" is fact-dependent, and the Courts should consider the following factors when making its determination:

> (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; and (4) whether the defaulting party acted promptly to correct the default. Courts should not find that good cause exists if the defaulting party demonstrates an intentional or willful disregard of the judicial proceedings. In light of the Eleventh Circuit's strong policy of determining cases on their merits, however, default judgments are generally disfavored.

*Bibb Cnty. Sch. Dist. v. Dallemand*, No. 5:16-CV-549 (MTT), 2019 WL 2492281, at *2 (M.D. Ga. June 13, 2019) (internal quotation marks and citations omitted).

Defendants have shown good cause for setting aside entry of default. Defendants' inaction was not willful; rather, their failure to file a responsive pleading was the result of an administrative oversight wherein Centurion did not timely appoint counsel to represent Defendants. Ray Aff. ¶¶1-4, ECF No. 25-1; Spradley Aff. ¶¶1-4, ECF No. 25-2; Durrah Aff. ¶¶ 1-8, ECF No. 25-3. Additionally, defense counsel acted quickly to set aside default once assigned to the case. Durrah Aff. ¶¶ 7-8. No

prejudice would result from setting aside default, and doing so supports the public interest of determining a case on its merits. Mot. Set Aside Def. 7-10. Moreover, Defendants present potentially colorable defenses. *Id.* at 8-11. Because the relevant factors weigh in Defendants' favor, the Court grants their motion to set aside default.

## CONCLUSION

For the above reasons, Defendants' motion to set aside default (ECF No. 25) is **GRANTED**. Defendants are **ORDERED** to file an answer or other responsive pleading **WITHIN FOURTEEN (14) DAYS** of the date of this Order. Discovery remains stayed until further order from the Court, as discussed in the Court's September 17 Order (ECF No. 21).

**SO ORDERED**, this 7th day of October, 2025.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE