**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| JOSHUA LAMAR HELTON, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:26-cv-11-MTT-AGH |
| Warden MARK AGBAOSI, *et al.*, | : | |
| Defendants. | : | |

# ORDER

## I. Order Directing Re-mailing of Motion to Dismiss

On November 1, 2026, Plaintiff notified the Court that he had not received Defendants Ray and Spradley's motion to dismiss. Pl.'s Resp. 1, ECF No. 36; Defs.' Mot. Dismiss, ECF No. 31. The Court reviewed the certificate of service attached to Defendants' motion and discovered that the motion was mailed to Plaintiff at Burruss CTC, P.O. Box 5849, Forsyth, Georgia 31029. Defs.' Mot. Dismiss 10. This address is incorrect. On May 4, 2026, the Court received Plaintiff's notice of change of address, indicating that his new address is Baldwin State Prison, which has a correct mailing address of P.O. Box 1480, Hardwick, Georgia 31034. Notice, ECF No. 8. Thus, the Court **ORDERS** Defendants Ray and Spradley to re-serve their motion to dismiss on Plaintiff at his correct address and file a new certificate of service that confirms such service **within fourteen (14) days**.[1] After Defendants Ray and Spradley file the updated

[1] The Court notes and appreciates Defendants Ray and Spradley's attempt to correct this mistake (ECF Nos. 39, 40). However, it appears that the newly filed certificate of service reflets Plaintiff's prior address. Cert. of Service, ECF No. 40. Therefore, it is necessary for Defendants Ray and Spradley to re-serve their

certificate of service, the clerk is **DIRECTED** to resend to Plaintiff a copy of the Court's order notifying Plaintiff of his right to respond to Defendants Ray and Spradley's motion.[2] Plaintiff is **ORDERD** to file a response to Defendant's motion to dismiss **within forty-five (45) days**.

## II. Notification of Motion for Judgment on the Pleadings

On November 10, 2026, Defendants Cobb, Leverette, and Morris (Defendants, collectively) filed a motion for judgment on the pleadings (ECF No. 37). The Court is required to adequately advise Plaintiff of the significance of Defendants' Motion. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985). In an effort to afford Plaintiff, who is proceeding *pro se*, adequate notice and time to respond to Defendants' Motion, the following notice is given.

When considering a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading," and the Court views "those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). The Court may grant judgment on the pleadings when "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.* The Court may consider a document attached to the motion for judgment on the pleadings "without converting the motion into one for summary judgment if the attached document is central to plaintiff's claims

---

motion to dismiss on Plaintiff at his Baldwin State Prison address and file with the Court a copy of that certificate of service, in accordance with the above directions.

[2] Although it is clear that Plaintiff received the Court's notice of his right to respond to Defendants' motion to dismiss, *see* Pl.'s Resp. 1, the Court is sending him a copy out of an abundance of caution.

and its authenticity is not challenged." *Garcon v. United Mut. of Omaha Ins. Co.*, 779 F. App'x 595, 599 (11th Cir. 2019).

Defendants' motion alleges there are certain deficiencies in Plaintiff's complaint. In some situations, deficiencies in a complaint may be cured with a more carefully drafted complaint. Under Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff "may amend its pleadings once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)[.]" If Plaintiff thinks, based on Defendants' motion, that a more carefully drafted complaint or more specific allegations would state a claim, he has 21 days to amend his complaint. Plaintiff should be aware that a judgment against him could prevent him from re-filing his claims if the running of the applicable statute of limitations would bar further litigation. *Brennan v. Comm'r, Ala. Dep't of Corr.*, 626 F. App'x 939, 946 n.4 (11th Cir. 2015). Plaintiff should, therefore, take the opportunity to amend his complaint to cure, if possible, the deficiencies addressed in Defendants' motion to dismiss.

Defendants also allege that Plaintiff's claims should be dismissed for failure to exhaust administrative remedies. "The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias v. Fla. Dep't of Corr.*, 587 F. App'x 531, 535 (11th Cir. 2014 ) (citing *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)). This is Plaintiff's opportunity to "develop the record." *Id.* Plaintiff may provide the Court with affidavits and/or other documents showing that he has, in fact, exhausted available administrative remedies.

Under the procedures and policies of this Court, motions for judgment on the pleadings are normally decided on briefs. Plaintiff may submit his argument to this Court by filing a brief in opposition to Defendants' motion. Unless the Court has granted prior permission, any brief should not exceed 20 pages. M.D. Ga. Civ. R. 7.4.

**FAILURE OF PLAINTIFF TO RESPOND TO AND REBUT THE LEGAL ARGUMENTS SET FORTH IN DEFENDANTS' BRIEF MAY RESULT IN THESE STATEMENTS BEING ACCEPTED AS UNCONTESTED AND CORRECT.**

The Court could grant judgment and there would be no trial or further proceedings as to Defendants Cobb, Leverette, and Morris. Accordingly, Plaintiff is **NOTIFIED** of his right to amend his complaint and submit a response, together with any response brief, affidavits, and/or other documents, to Defendants' motion for judgment on the pleadings **WITHIN 45 DAYS** of the date of this Notice. Fed. R. Civ. P. 15(a)(1)(B); M.D. Ga. Civ. R. 7.2. As explained above, if Plaintiff fails to amend his complaint and the applicable statute of limitations has expired since he filed the original complaint, Plaintiff will be barred from re-filing following dismissal. If Plaintiff fails to file a brief in opposition to the motion, a final judgment may be rendered against him if otherwise appropriate under law. Defendants Cobb, Leverette, and Morris may file any desired reply within 14 days of Plaintiff's response. Thereafter, the Court will consider Defendants' motion for judgment on the pleadings and any opposition to the same filed by Plaintiff and issue its ruling.[3]

---

[3] Given that Defendants Ray and Spradley's motion to dismiss (ECF No. 31) and motion for judgment on the pleadings (ECF No. 37) are pending, the Court **GRANTS** Defendants Cobb, Leverette, and Morris' motion to stay discovery (ECF No. 38). Discovery shall be stayed for all parties until further order from the Court.

## CONCLUSION

Defendants Ray and Spradley are **ORDERED** to re-serve a copy of their motion to dismiss on Plaintiff at his correct address and to file a corrected certificate of service **within fourteen (14) days**. Once the corrected certificate of service is filed, the clerk is **DIRECTED** to resend to Plaintiff the Court's notice of his right to respond to the motion to dismiss (ECF No. 33). Plaintiff is **ORDERED** to file any desired response to both the motion to dismiss (ECF No. 31) and the motion for judgment on the pleadings (ECF No. 37) **within forty-five (45) days** of the date of this Order.

**SO ORDERED**, this 23rd day of November, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE